PARAMOUNT UPHOLSTERING WORKS, INCORPORATED, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT, v. MORRIS DAVID AND HELEN DAVID, DEFENDANTS-APPELLEES.

Decided February 4, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *George Rothstein.*

For the appellees, *Samuel Hirschberg.*

PER CURIAM.

This cause came on for trial before Judge Carrick, sitting with a jury. The plaintiff-appellant sued to recover $442,

the balance of the purchase price of two suites of upholstered living room furniture, consisting of six pieces, which were to be manufactured by it. At the time of the contract a deposit of $50 was paid by the defendant-appellees. The latter counter-claimed for the $50 alleging the contract had been breached by the plaintiff. The jury found a verdict on behalf of the defendants on their counter-claim for the sum of $50.

Counsel for the plaintiff below requested the court to charge as follows: "Sale of Goods act, page 4657, section 43; apart from contract, usage or trade, the place of delivery is the seller's place of business."

Page 4658, section 46: "Where, in pursuance of a sale, the seller is authorized or required to send the goods to the buyer, delivery of goods to the carrier for the purpose of transmission to the buyer is deemed to be a delivery of the goods to the buyer [except as in section 19, rule 5]."

Page 4659, section 47, rule 3: "Where goods are delivered to a carrier by the seller, upon terms that the goods shall not be delivered by the carrier until he has paid the price, the buyer is not entitled to examine the goods before payment of the price."

The court declined so to charge, to which ruling the plaintiff prayed, and was granted an exception.

It is to be observed that the plaintiff's exception was, in substance, a general exception to the court's charge.

The second request was not properly stated. It did not embody all of the instructions which the court was asked to give, but requested the court to incorporate in it section 19, rule 5, of the Sale of Goods act. Hence, that request was bad. We think the other two requests were good.

As has been observed, the exception taken was a general one, to the denial of the court of the requests, and of course, if one of the requests is bad, the exception fails. In *Thibodeau* v. *Hamley (Court of Errors and Appeals)*, 95 *N. J. L.* 180, the headnote reads: "If an exception to the judicial charge embraces several legal propositions, and any of them be un- point out the faulty one is fatal. See *Gardner* v. *State,* 55 exceptionable, the exception fails. Counsel must put its finger on the erroneous proposition and thus point the mind of the

judge to it; if he challenges any part of the charge in bulk assigning no reason for such challenge, and a bill is allowed on the point, the risk of any legal ingredient being found in such bulk is that of the party so excepting."

This being true the converse would follow if several requests are handed to the trial judge, some of which are good and some of which are faulty, an exception which does not point out the faulty one is fatal. See *Gardner* v. *State*, 55 *N. J. L.* 18, *headnote* 6; *State* v. *Contarino* (*Court of Errors and Appeals*), 92 *Id.* 382.

The views expressed lead to an affirmance of the judgment.